UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

GEORGE FRANCIS, in his own right and as
Administrator of the ESTATE OF SHEREESE FRANCIS,
deceased, ELEEN FRANCIS, SHAUNA FRANCIS,

**ANSWER ON BEHALF OF THE CITY OF NEW YORK, ELIO PONZO, JOSEPH TOMEO, MICHAEL BOYLE, WILLIAM CLEMENS, EDISON JARAMILLO, CHARLES BARRETT, AND RALSTON MCKOY**

                                Plaintiffs

                        -against-

The CITY OF NEW YORK, the NEW YORK CITY
POLICE DEPARTMENT, Police Officer ELIO PONZO,
Police Officer JOSEPH TOMEO, Police Officer
MICHAEL BOYLE, Police Officer WILLIAM
CLEMENS, Police Officer EDISON JARAMILLO, Police
Officer f/n/u BARRETT, Police Officer f/n/u YOON,
NYPD Sgt. f/n/u MCKOY, Police Officers John Doe 1-10,
Police Officers Jane Doe 1-10, NYPD Supervisory Officers
Richard Roe 1-10,

13-CV-505 (FB)(JO)

Jury Trial Demanded

                                Defendants.

---------------------------------------------------------------------- x

        Defendants City of New York ("City"), Elio Ponzo, Joseph Tomeo, Michael

Boyle, William Clemens, Edison Jaramillo, Charles Barrett, and Ralson McKoy, by their

attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to

the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiffs purport to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit that Shereese Francis died on or about March 15, 2012.

        3.      Deny the allegations set forth in paragraph "3" of the complaint.

        4.      Deny the allegations set forth in paragraph "4" of the complaint.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York is a municipal organization.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between the City of New York and the New York City Police Department.

13.     Admit only that Elio Ponzo is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "13" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

14.     Admit only that Joseph Tomeo is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "14" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

15.     Admit only that Michael Boyle is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "15" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

16.     Admit only that William Clemens is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "16" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

17.     Admit only that Edison Jaramillo is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "17" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

18.     Admit only that Charles Barrett is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "18" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

19.     Admit only that Yong-Kyu Yoon is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "19" of the

complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

20.     Admit only that Ralson McKoy is employed by the City of New York as a police officer and state that the remainder of the allegations contained in paragraph "20" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Paragraph "24" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

25.     Deny the allegations set forth in paragraph "25" of the complaint, except admit that a document purporting to be a notice of claim was received by the New York City Comptroller's Officer on or about June 26, 2012.

26.     Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiffs' purported claim has not been settled or adjusted.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint, except admit that, on March 15, 2012, a 911 call was made for an ambulance to respond to 132-33 154th Street in Queens to transport Shereese Francis to the hospital.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint, except admit that police responded to 132-33 154th Street on March 15, 2012.

44.     Deny the allegations set forth in paragraph "44" of the complaint, except admit that the officers were informed that the call to 132-33 154th Street was assigned radio code 10-54.

45.     Deny the allegations set forth in paragraph "45" of the complaint, except admit that the officers were informed that the call to 132-33 154th Street involved an emotionally disturbed person who was not taking her medication.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint, except admit that officers were informed that the emotionally disturbed person was not taking her medication.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint, except admit that the NYPD has prepared materials concerning interactions with persons with mental illness.

51.     Admit the allegations set forth in paragraph "51" of the complaint, and respectfully refer the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

52.     Admit the allegations set forth in paragraph "52" of the complaint, and respectfully refer the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

53.     Deny the allegations set forth in paragraph "53" of the complaint, except admit that the language quoted in paragraph "53" of the complaint is included as a portion of the "Scope" section of Patrol Guide Procedure 216-05, and respectfully refer the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

54.     Deny the allegations set forth in paragraph "54" of the complaint, and respectfully refer the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

55. Deny the allegations set forth in paragraph "55" of the complaint, and respectfully refer the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

56. Admit that the language quoted in paragraph "56" of the complaint is included within NYPD Patrol Guide Procedure 203-11, and respectfully refer the Court to that procedure for a complete and accurate recitation of its contents.

57. Admit that the language quoted in paragraph "57" of the complaint is included within NYPD Patrol Guide Procedure 203-11, and respectfully refer the Court to that procedure for a complete and accurate recitation of its contents.

58. Admit that the language quoted in paragraph "58" of the complaint is included within NYPD Patrol Guide Procedure 203-11, and respectfully refer the Court to that procedure for a complete and accurate recitation of its contents.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that the NYPD has prepared training materials, and that the quoted language may be found in the 2009 Police Student Guide's Chapter on Policing the Emotionally Disturbed.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint, except admit a LINK Committee was convened.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint, except admit that officers responded to 132-33 154th Street on March 15, 2012.

67.     Deny the allegations set forth in paragraph "67" of the complaint, except admit that, on March 15, 2012, the officers were escorted to a bedroom at 132-33 154th Street.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint, except admit that, on March 15, 2012, officers encountered Shereese Francis at 132-33 154th Street.

69.     Admit the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint, except admit that Shereese was informed that she had to go to the hospital.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint, except admit that Shereese refused to go to the hospital.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint, except admit that Shereese threatened to call the police.

78.     Deny the allegations set forth in paragraph "78" of the complaint.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     Deny the allegations set forth in paragraph "80" of the complaint.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     Deny the allegations set forth in paragraph "84" of the complaint.

85.     Deny the allegations set forth in paragraph "85" of the complaint, except admit that Shereese exited the bedroom that she had been in.

86.     Deny the allegations set forth in paragraph "86" of the complaint, except admit that Shereese attempted to exit the room in which she was standing.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     Deny the allegations set forth in paragraph "88" of the complaint, except admit that officers attempted to restrain Shereese.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     Deny the allegations set forth in paragraph "93" of the complaint, except admit that Shereese resisted officers' attempts to restrain her, and that Shereese and the officers fell onto a mattress.

94.     Deny the allegations set forth in paragraph "94" of the complaint, except admit that Shereese was restrained by the officers.

95.     Deny the allegations set forth in paragraph "95" of the complaint.

96.     Deny the allegations set forth in paragraph "96" of the complaint.

97.   Deny the allegations set forth in paragraph "97" of the complaint.

98.   Deny the allegations set forth in paragraph "98" of the complaint, and each of its sub-sections.

99.   Deny the allegations set forth in paragraph "99" of the complaint, except admit that a second set of emergency medical technicians arrived at 132-33 154th Street on March 15, 2012.

100.   Deny the allegations set forth in paragraph "100" of the complaint, except admit that EMTs were cautioned to stay back from the area where officers were attempting to restrain Shereese Francis.

101.   Deny the allegations set forth in paragraph "101" of the complaint, except admit that Central Dispatch was asked for the address of the Francis home on the night of March 15, 2012.

102.   Deny the allegations set forth in paragraph "102" of the complaint.

103.   Deny the allegations set forth in paragraph "103" of the complaint.

104.   Deny the allegations set forth in paragraph "104" of the complaint.

105.   Deny the allegations set forth in paragraph "105" of the complaint.

106.   Deny the allegations set forth in paragraph "106" of the complaint.

107.   Deny the allegations set forth in paragraph "107" of the complaint, except admit that Shereese resisted the officers' attempts to handcuff her.

108.   Deny the allegations set forth in paragraph "108" of the complaint.

109.   Deny the allegations set forth in paragraph "109" of the complaint, except admit that Shereese Francis resisted the officers' attempts to handcuff her.

110.   Deny the allegations set forth in paragraph "110" of the complaint.

111.    Deny the allegations set forth in paragraph "111" of the complaint.

112.    Deny the allegations set forth in paragraph "112" of the complaint.

113.    Deny the allegations set forth in paragraph "113" of the complaint.

114.    Deny the allegations set forth in paragraph "114" of the complaint.

115.    Deny the allegations set forth in paragraph "115" of the complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the complaint.

117.    Deny the allegations set forth in paragraph "117" of the complaint.

118.    Deny the allegations set forth in paragraph "118" of the complaint.

119.    Deny the allegations set forth in paragraph "119" of the complaint.

120.    Deny the allegations set forth in paragraph "120" of the complaint.

121.    Deny the allegations set forth in paragraph "121" of the complaint.

122.    Deny the allegations set forth in paragraph "122" of the complaint.

123.    Deny the allegations set forth in paragraph "123" of the complaint, except admit that ESU was requested to respond to 132-33 154th Street on March 15, 2012.

124.    Deny the allegations set forth in paragraph "124" of the complaint.

125.    Deny the allegations set forth in paragraph "125" of the complaint.

126.    Deny the allegations set forth in paragraph "126" of the complaint.

127.    Deny the allegations set forth in paragraph "127" of the complaint, except admit that, from the time officers responded to 132-33 154th Street, they knew that Shereese required medical attention.

128.    Deny the allegations set forth in paragraph "128" of the complaint, except admit that, on March 15, 2013, a sergeant was called to 132-33 154th Street.

- 12 -

129.    Deny the allegations set forth in paragraph "129" of the complaint.

130.    Deny the allegations set forth in paragraph "130" of the complaint, except admit that the handcuffs were removed from Shereese.

131.    Deny the allegations set forth in paragraph "131" of the complaint, except admit that emergency medical technicians treated Shereese Francis.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the complaint.

134.    Deny the allegations set forth in paragraph "134" of the complaint, except admit that, on the night of March 15, 2012, Shereese Francis stopped breathing and lost consciousness.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the complaint, except admit that a Fire Department of New York ("FDNY") Pre-Hospital Care Report ("PCR") indicates that an ALS Unit was assigned to respond to 132-33 154th Street at or about 10:46 p.m. on March 15, 2012.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the complaint, except admit that a FDNY PCR indicates that an ALS Unit was on the scene of 132-33 154th Street at or about 10:53 p.m. on March 15, 2012.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the complaint.

139.    Deny the allegations set forth in paragraph "139" of the complaint.

140.    Deny the allegations set forth in paragraph "140" of the complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the complaint.

142.    Deny the allegations set forth in paragraph "142" of the complaint.

143.    Deny the allegations set forth in paragraph "143" of the copmlaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the complaint.

147.    Admit, upon information and belief, the allegations set forth in paragraph "147" of the complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the complaint.

149.    Deny the allegations set forth in paragraph "149" of the complaint.

150.    Deny the allegations set forth in paragraph "150" of the complaint.

151.    Deny the allegations set forth in paragraph "151" of the complaint.

152.    Deny the allegations set forth in paragraph "152" of the complaint.

153.    Deny the allegations set forth in paragraph "153" of the complaint.

154.    Deny the allegations set forth in paragraph "154" of the complaint.

155.    Deny the allegations set forth in paragraph "155" of the complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the complaint.

157.    Deny the allegations set forth in paragraph "157" of the complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the complaint.

160.    Deny the allegations set forth in paragraph "160" of the complaint.

161.    Deny the allegations set forth in paragraph "161" of the complaint.

162.    Deny the allegations set forth in paragraph "162" of the complaint.

163.    Deny the allegations set forth in paragraph "163" of the complaint.

164.    Deny the allegations set forth in paragraph "164" of the complaint.

165.    Deny the allegations set forth in paragraph "165" of the complaint.

166.    Deny the allegations set forth in paragraph "166" of the complaint.

167.    Deny the allegations set forth in paragraph "167" of the complaint.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the complaint, except admit that Shereese was removed from 132-33 154th Street.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the complaint.

170.    Deny the allegations set forth in paragraph "170" of the complaint.

171.    Deny the allegations set forth in paragraph "171" of the complaint.

172.    Deny the allegations set forth in paragraph "172" of the complaint.

173.    Deny the allegations set forth in paragraph "173" of the complaint, and each of its sub-parts, except admit that Mohamed Bah, Emmanuel Paulino, Iman Morales, Khiel Coppin, David Kostovski, Stephanie Lindboe, and Gideon Busch are deceased.

174.    Deny the allegations set forth in paragraph "174" of the complaint.

175.    Deny the allegations set forth in paragraph "175" of the complaint.

176.    Deny the allegations set forth in paragraph "176" of the complaint.

177.    Deny the allegations set forth in paragraph "177" of the complaint.

178.    In response to the allegations set forth in paragraph "178" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

179.    Deny the allegations set forth in paragraph "179" of the complaint.

180.    Deny the allegations set forth in paragraph "180" of the complaint.

181.    In response to the allegations set forth in paragraph "181" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

182.    Deny the allegations set forth in paragraph "182" of the complaint.

183.    Deny the allegations set forth in paragraph "183" of the complaint.

184.    In response to the allegations set forth in paragraph "184" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

185.    Deny the allegations set forth in paragraph "185" of the complaint.

186.    Deny the allegations set forth in paragraph "186" of the complaint.

187.    Deny the allegations set forth in paragraph "187" of the complaint.

188.    Deny the allegations set forth in paragraph "188" of the complaint.

189.     Deny the allegations set forth in paragraph "189" of the complaint.

190.     Deny the allegations set forth in paragraph "190" of the complaint.

191.     In response to the allegations set forth in paragraph "191" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

192.     Deny knowledge or information sufficient to form a belief as to whether Shereese Francis was a disabled person as alleged in paragraph "192" of the complaint, and deny the allegations that the officers who visited 132-33 154th Street on March 15, 2012 regarded Shereese Francis as a disabled person.

193.     Deny the allegations set forth in paragraph "193" of the complaint.

194.     Deny the allegations set forth in paragraph "194" of the complaint, except admit that the City of New York receives federal funds.

195.     Paragraph "195" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

196.     Deny the allegations set forth in paragraph "196" of the complaint.

197.     Deny the allegations set forth in paragraph "197" of the complaint.

198.     Deny the allegations set forth in paragraph "198" of the complaint.

199.     In response to the allegations set forth in paragraph "199" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

200.     Deny the allegations set forth in paragraph "200" of the complaint.

201.     Deny the allegations set forth in paragraph "201" of the complaint.

202.     Deny the allegations set forth in paragraph "202" of the complaint.

203.     In response to the allegations set forth in paragraph "203" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

204.     Paragraph "204" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

205.     Deny the allegations set forth in paragraph "205" of the complaint.

206.     Deny the allegations set forth in paragraph "206" of the complaint.

207.     Deny the allegations set forth in paragraph "207" of the complaint.

208.     Deny the allegations set forth in paragraph "208" of the complaint.

209.     Deny the allegations set forth in paragraph "209" of the complaint.

210.     Deny the allegations set forth in paragraph "210" of the complaint.

211.     In response to the allegations set forth in paragraph "211" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

212.     Deny the allegations set forth in paragraph "212" of the complaint, except admit that police officers receive training in relation to situations involving persons with mental illness.

213.     Paragraph "213" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

214.     Deny the allegations set forth in paragraph "214" of the complaint.

215.     Deny the allegations set forth in paragraph "215" of the complaint.

216.     In response to the allegations set forth in paragraph "216" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

217.     Deny the allegations set forth in paragraph "217" of the complaint.

218.     In response to the allegations set forth in paragraph "218" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

219.     Deny the allegations set forth in paragraph "219" of the complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the complaint.

221.    Deny the allegations set forth in paragraph "221" of the complaint.

222.    In response to the allegations set forth in paragraph "222" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

223.    Deny the allegations set forth in paragraph "223" of the complaint.

224.    Deny the allegations set forth in paragraph "224" of the complaint.

225.    In response to the allegations set forth in paragraph "225" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

226.    Paragraph "226" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

227.    Deny the allegations set forth in paragraph "227" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

228.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

229.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

230.    At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  As a result, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

231.    Any use of force was appropriate and justified under the circumstances.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

232.    Punitive damages may not be assessed against defendant City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

233.    Plaintiffs or decedent Shereese Francis provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

234.    Any injury alleged to have been sustained resulted from culpable or negligent conduct of plaintiffs, of Shereese Francis, or of others, and was not the proximate result of any act of defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

235.    At all relevant times, defendants Ponzo, Tomeo, Boyle, Clemens, Jaramillo, Barrett, and McKoy acted reasonably and in the lawful exercise of their discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

236.    Defendants Ponzo, Tomeo, Boyle, Clemens, Jaramillo, Barrett, and McKoy have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

237.    To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                July 1, 2013

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York, Ponzo,*
                                        *Tomeo, Boyle, Clemens, Jaramillo, Barrett, and*
                                        *McKoy*
                                        100 Church Street, Room 3-176
                                        New York, New York 10007
                                        (212) 356-2656/(212) 356-2415


                                   By:  /s/
                                        _____
                                        Patrick Beath
                                        *Assistant Corporation Counsel*


                                        Sumit Sud
                                        *Senior Counsel*


cc:     Steve Vaccaro, Esq. (By ECF)
        David B. Rankin, Esq. (By ECF)
        Robert M. Quackenbush, Esq. (By ECF)
        *Attorneys for Plaintiffs*

- 21 -

Index No. 13-CV-505 (FB)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEORGE FRANCIS, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

**ANSWER ON BEHALF OF THE CITY OF NEW YORK, ELIO PONZO, JOSEPH TOMEO, MICHAEL BOYLE, WILLIAM CLEMENS, EDISON JARAMILLO, CHARLES BARRETT, AND RALSTON MCKOY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York, Ponzo, Tomeo, Boyle, Clemens, Jaramillo, Barrett, and McKoy*

*100 Church Street*
*New York, New York  10007*

*Of Counsel: Patrick Beath*
*Tel:  (212) 356-2656*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................,2013*

*.................................................................. Esq.*

*Attorney for City of New York*