UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GEORGE FRANCIS, in his own right and as
Administrator of the ESTATE OF SHEREESE FRANCIS,
deceased, ELEEN FRANCIS, SHAUNA FRANCIS,

                     Plaintiffs

              -against-

The CITY OF NEW YORK, the NEW YORK CITY
POLICE DEPARTMENT, Police Officer ELIO PONZO,
Police Officer JOSEPH TOMEO, Police Officer
MICHAEL BOYLE, Police Officer WILLIAM
CLEMENS, Police Officer EDISON JARAMILLO, Police
Officer f/n/u BARRETT, Police Officer f/n/u YOON,
NYPD Sgt. f/n/u MCKOY, JAMAICA HOSPITAL
MEDICAL CENTER, JHMC AMBULANCE, MELISSA
QUIROA, THOMAS SCHROETER, Police Officers John
Doe 1-10, Police Officers Jane Doe 1-10, NYPD
Supervisory Officers Richard Roe 1-10,

                     Defendants.

------------------------------------------------------------------------ x

**ANSWER TO PLAINTIFFS'
FIRST AMENDED
COMPLAINT ON BEHALF
OF YONGKYU YOON**

13-CV-505 (FB)(JO)

Jury Trial Demanded

       Defendant Yongkyu Yoon, by his attorney, Jeffrey D. Friedlander, Acting

Corporation Counsel of the City of New York, for his answer to plaintiffs' First Amended

Complaint (hereinafter "complaint"), respectfully alleges, upon information and belief, as

follows:

       1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiffs purport to proceed as stated therein.

       2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that Shereese Francis died on or about March 15, 2012.

       3.      Denies the allegations set forth in paragraph "3" of the complaint.

       4.      Denies the allegations set forth in paragraph "4" of the complaint.

5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

6.     Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

7.     Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Denies the allegations set forth in paragraph "11" of the complaint, except admits that the City of New York is a municipal organization.

12.     Denies the allegations set forth in paragraph "12" of the complaint, except admits that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between the City of New York and the New York City Police Department.

13.     Admits only that Elio Ponzo is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "13" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

14.     Admits only that Joseph Tomeo is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "14" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

15.     Admits only that Michael Boyle is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "15" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

16.     Admits only that William Clemens is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "16" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

17.     Admits only that Edison Jaramillo is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "17" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

18.     Admits only that Charles Barrett is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "18" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

19.     Admits only that Yong-Kyu Yoon is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "19" of

the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

20.     Admits only that Ralson McKoy is employed by the City of New York as a police officer and states that the remainder of the allegations contained in paragraph "20" of the complaint set forth conclusions of law, rather than averments of fact, to which no response is required.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Paragraph "28" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

29.     Denies the allegations set forth in paragraph "29" of the complaint, except admits that a document purporting to be a notice of claim was received by the New York City Comptroller's Officer on or about June 26, 2012.

30.     Denies the allegations set forth in paragraph "30" of the complaint, except admits that plaintiffs' purported claim has not been settled or adjusted.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint, except admits that, on March 15, 2012, a 911 call was made for an ambulance to respond to 132-33 154th Street in Queens to transport Shereese Francis to the hospital.

47.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint, except admits that police responded to 132-33 154th Street on March 15, 2012.

48.      Denies the allegations set forth in paragraph "48" of the complaint, except admits that the officers were informed that the call to 132-33 154th Street was assigned radio code 10-54.

49.     Denies the allegations set forth in paragraph "49" of the complaint, except admits that the officers were informed that the call to 132-33 154th Street involved an emotionally disturbed person who was not taking her medication.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint, except admits that officers were informed that the emotionally disturbed person was not taking her medication.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     Denies the allegations set forth in paragraph "54" of the complaint, except admits that the NYPD has prepared materials concerning interactions with persons with mental illness.

55.     Admits the allegations set forth in paragraph "55" of the complaint, and respectfully refers the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

56.     Admits the allegations set forth in paragraph "56" of the complaint, and respectfully refers the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

57.     Denies the allegations set forth in paragraph "57" of the complaint, except admits that the language quoted in paragraph "53" of the complaint is included as a portion of

the "Scope" section of Patrol Guide Procedure 216-05, and respectfully refers the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

58.    Denies the allegations set forth in paragraph "58" of the complaint, and respectfully refers the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

59.    Denies the allegations set forth in paragraph "59" of the complaint, and respectfully refers the Court to NYPD Patrol Guide Procedure 216-05 for a complete and accurate recitation of its contents.

60.    Admits only that the language quoted in paragraph "60" of the complaint is included within NYPD Patrol Guide Procedure 203-11, and respectfully refers the Court to that procedure for a complete and accurate recitation of its contents.

61.    Admits only that the language quoted in paragraph "61" of the complaint is included within NYPD Patrol Guide Procedure 203-11, and respectfully refers the Court to that procedure for a complete and accurate recitation of its contents.

62.    Admits only that the language quoted in paragraph "62" of the complaint is included within NYPD Patrol Guide Procedure 203-11, and respectfully refers the Court to that procedure for a complete and accurate recitation of its contents.

63.    Denies the allegations set forth in paragraph "63" of the complaint, except admits that the NYPD has prepared training materials, and that the quoted language may be found in the 2009 Police Student Guide's Chapter on Policing the Emotionally Disturbed.

64.    Denies the allegations set forth in paragraph "64" of the complaint.

65.    Denies the allegations set forth in paragraph "65" of the complaint.

66.    Denies the allegations set forth in paragraph "66" of the complaint.

67.     Denies the allegations set forth in paragraph "67" of the complaint, except admits that a LINK Committee was convened.

68.     Denies the allegations set forth in paragraph "68" of the complaint.

69.     Denies the allegations set forth in paragraph "69" of the complaint.

70.     Denies the allegations set forth in paragraph "70" of the complaint, except admits that officers responded to 132-33 154th Street on March 15, 2012.

71.     Denies the allegations set forth in paragraph "71" of the complaint, except admits that, on March 15, 2012, the officers were escorted to a bedroom at 132-33 154th Street.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint, except admits that, on March 15, 2012, officers encountered Shereese Francis at 132-33 154th Street.

73.     Admits the allegations set forth in paragraph "73" of the complaint.

74.     Denies the allegations set forth in paragraph "74" of the complaint, except admits that Shereese was informed that she had to go to the hospital.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint, except admits that Shereese refused to go to the hospital.

76.     Denies the allegations set forth in paragraph "76" of the complaint.

77.     Denies the allegations set forth in paragraph "77" of the complaint.

78.     Denies the allegations set forth in paragraph "78" of the complaint.

79.     Denies the allegations set forth in paragraph "79" of the complaint.

80.     Denies the allegations set forth in paragraph "80" of the complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint, except admits that Shereese threatened to call the police.

82.     Denies the allegations set forth in paragraph "82" of the complaint.

83.     Denies the allegations set forth in paragraph "83" of the complaint.

84.     Denies the allegations set forth in paragraph "84" of the complaint.

85.     Denies the allegations set forth in paragraph "85" of the complaint.

86.     Denies the allegations set forth in paragraph "86" of the complaint.

87.     Denies the allegations set forth in paragraph "87" of the complaint.

88.     Denies the allegations set forth in paragraph "88" of the complaint.

89.     Denies the allegations set forth in paragraph "89" of the complaint, except admits that Shereese exited the bedroom that she had been in.

90.     Denies the allegations set forth in paragraph "90" of the complaint, except admits that Shereese attempted to exit the room in which she was standing.

91.     Denies the allegations set forth in paragraph "91" of the complaint.

92.     Denies the allegations set forth in paragraph "92" of the complaint, except admits that officers attempted to restrain Shereese.

93.     Denies the allegations set forth in paragraph "93" of the complaint.

94.     Denies the allegations set forth in paragraph "94" of the complaint.

95.     Denies the allegations set forth in paragraph "95" of the complaint.

96.     Denies the allegations set forth in paragraph "96" of the complaint.

97.     Denies the allegations set forth in paragraph "97" of the complaint, except admits that Shereese resisted officers' attempts to restrain her, and that Shereese and the officers fell onto a mattress.

98.     Denies the allegations set forth in paragraph "98" of the complaint, except admits that Shereese was restrained by the officers.

99.     Denies the allegations set forth in paragraph "99" of the complaint.

100.    Denies the allegations set forth in paragraph "100" of the complaint.

101.    Denies the allegations set forth in paragraph "101" of the complaint.

102.    Denies the allegations set forth in paragraph "102" of the complaint, and each of its sub-sections.

103.    Denies the allegations set forth in paragraph "103" of the complaint, except admits that emergency medical technicians arrived at 132-33 154th Street on March 15, 2012.

104.    Denies the allegations set forth in paragraph "104" of the complaint, except admits that EMTs were cautioned to stay back from the area where officers were attempting to restrain Shereese Francis.

105.    Denies the allegations set forth in paragraph "105" of the complaint, except admits that Central Dispatch was asked for the address of the Francis home on the night of March 15, 2012.

106.    Denies the allegations set forth in paragraph "106" of the complaint.

107.    Denies the allegations set forth in paragraph "107" of the complaint.

108.    Denies the allegations set forth in paragraph "108" of the complaint.

109.    Denies the allegations set forth in paragraph "109" of the complaint.

110.    Denies the allegations set forth in paragraph "110" of the complaint.

111.    Denies the allegations set forth in paragraph "111" of the complaint, except admits that Shereese resisted the officers' attempts to handcuff her.

112.    Denies the allegations set forth in paragraph "112" of the complaint.

113.    Denies the allegations set forth in paragraph "113" of the complaint, except admits that Shereese Francis resisted the officers' attempts to handcuff her.

114.    Denies the allegations set forth in paragraph "114" of the complaint.

115.    Denies the allegations set forth in paragraph "115" of the complaint.

116.    Denies the allegations set forth in paragraph "116" of the complaint.

117.    Denies the allegations set forth in paragraph "117" of the complaint.

118.    Denies the allegations set forth in paragraph "118" of the complaint.

119.    Denies the allegations set forth in paragraph "119" of the complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint.

121.    Denies the allegations set forth in paragraph "121" of the complaint.

122.    Denies the allegations set forth in paragraph "122" of the complaint.

123.    Denies the allegations set forth in paragraph "123" of the complaint.

124.    Denies the allegations set forth in paragraph "124" of the complaint.

125.    Denies the allegations set forth in paragraph "125" of the complaint.

126.    Denies the allegations set forth in paragraph "126" of the complaint.

127.    Denies the allegations set forth in paragraph "127" of the complaint, except admits that ESU was requested to respond to 132-33 154th Street on March 15, 2012.

128.    Denies the allegations set forth in paragraph "128" of the complaint.

129.    Denies the allegations set forth in paragraph "129" of the complaint.

130.    Denies the allegations set forth in paragraph "130" of the complaint.

131.    Denies the allegations set forth in paragraph "131" of the complaint, except admits that, from the time officers responded to 132-33 154th Street, they knew that Shereese required medical attention.

132.    Denies the allegations set forth in paragraph "132" of the complaint, except admits that, on March 15, 2013, a sergeant was called to 132-33 154th Street.

133.    Denies the allegations set forth in paragraph "133" of the complaint.

134.    Denies the allegations set forth in paragraph "134" of the complaint, except admits that the handcuffs were removed from Shereese.

135.    Denies the allegations set forth in paragraph "135" of the complaint, except admits that emergency medical technicians treated Shereese Francis.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the complaint.

138.    Denies the allegations set forth in paragraph "138" of the complaint, except admits that, on the night of March 15, 2012, Shereese Francis stopped breathing and lost consciousness.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the complaint, except admits that a Fire

Department of New York ("FDNY") Pre-Hospital Care Report ("PCR") indicates that an ALS Unit was assigned to respond to 132-33 154th Street at or about 10:46 p.m. on March 15, 2012.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the complaint, except admits that a FDNY PCR indicates that an ALS Unit was on the scene of 132-33 154th Street at or about 10:53 p.m. on March 15, 2012.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the complaint.

143.    Denies the allegations set forth in paragraph "143" of the complaint.

144.    Denies the allegations set forth in paragraph "144" of the complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the complaint.

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the complaint.

148.    Denies the truth of the allegations set forth in paragraph "148" of the complaint.

149.    Denies the allegations set forth in paragraph "149" of the complaint.

150.    Denies the allegations set forth in paragraph "150" of the complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the complaint.

156.    Admits, upon information and belief, the allegations set forth in paragraph "156" of the complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the complaint.

158.    Denies the allegations set forth in paragraph "158" of the complaint.

159.    Denies the allegations set forth in paragraph "159" of the complaint.

160.    Denies the allegations set forth in paragraph "160" of the complaint.

161.    Denies the allegations set forth in paragraph "161" of the complaint.

162.    Denies the allegations set forth in paragraph "162" of the complaint.

163.    Denies the allegations set forth in paragraph "163" of the complaint.

164.    Denies the allegations set forth in paragraph "164" of the complaint.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the complaint.

166.    Denies the allegations set forth in paragraph "166" of the complaint.

167.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the complaint.

168.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the complaint.

169.     Denies the allegations set forth in paragraph "169" of the complaint.

170.     Denies the allegations set forth in paragraph "170" of the complaint.

171.     Denies the allegations set forth in paragraph "171" of the complaint.

172.     Denies the allegations set forth in paragraph "172" of the complaint.

173.     Denies the allegations set forth in paragraph "173" of the complaint.

174.     Denies the allegations set forth in paragraph "174" of the complaint.

175.     Denies the allegations set forth in paragraph "175" of the complaint.

176.     Denies the allegations set forth in paragraph "176" of the complaint.

177.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the complaint, except admits that Shereese was removed from 132-33 154th Street.

178.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the complaint.

179.     Denies the allegations set forth in paragraph "179" of the complaint.

180.     Denies the allegations set forth in paragraph "180" of the complaint.

181.     Denies the allegations set forth in paragraph "181" of the complaint.

182.     Denies the allegations set forth in paragraph "182" of the complaint, and each of its sub-parts, except admits that Mohamed Bah, Emmanuel Paulino, Iman Morales, Khiel Coppin, David Kostovski, Stephanie Lindboe, and Gideon Busch are deceased.

183.     Denies the allegations set forth in paragraph "183" of the complaint.

184.     Denies the allegations set forth in paragraph "184" of the complaint.

185.     Denies the allegations set forth in paragraph "185" of the complaint.

186.     Denies the allegations set forth in paragraph "186" of the complaint.

187.     In response to the allegations set forth in paragraph "187" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

188.     Denies the allegations set forth in paragraph "188" of the complaint.

189.     Denies the allegations set forth in paragraph "189" of the complaint.

190.     In response to the allegations set forth in paragraph "190" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

191.     Denies the allegations set forth in paragraph "191" of the complaint.

192.     Denies the allegations set forth in paragraph "192" of the complaint.

193.     In response to the allegations set forth in paragraph "193" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

194.     Denies the allegations set forth in paragraph "194" of the complaint.

195.     Denies the allegations set forth in paragraph "195" of the complaint.

196.     Denies the allegations set forth in paragraph "196" of the complaint.

197.     Denies the allegations set forth in paragraph "197" of the complaint.

198.     Denies the allegations set forth in paragraph "198" of the complaint.

199.     Denies the allegations set forth in paragraph "199" of the complaint.

200.     In response to the allegations set forth in paragraph "200" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

201.    Denies knowledge or information sufficient to form a belief as to whether Shereese Francis was a disabled person as alleged in paragraph "201" of the complaint, and denies the allegations that the officers who visited 132-33 154th Street on March 15, 2012 regarded Shereese Francis as a disabled person.

202.    Denies the allegations set forth in paragraph "202" of the complaint.

203.    Denies the allegations set forth in paragraph "203" of the complaint, except admits that the City of New York receives federal funds.

204.    Paragraph "204" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

205.    Denies the allegations set forth in paragraph "205" of the complaint.

206.    Denies the allegations set forth in paragraph "206" of the complaint.

207.    Denies the allegations set forth in paragraph "207" of the complaint.

208.    In response to the allegations set forth in paragraph "208" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

209.    Denies the allegations set forth in paragraph "209" of the complaint.

210.    Denies the allegations set forth in paragraph "210" of the complaint.

211.    Denies the allegations set forth in paragraph "211" of the complaint.

212.    In response to the allegations set forth in paragraph "212" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

213.    Paragraph "213" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

214.    Denies the allegations set forth in paragraph "214" of the complaint.

215.    Denies the allegations set forth in paragraph "215" of the complaint.

216.    Denies the allegations set forth in paragraph "216" of the complaint.

217.    Denies the allegations set forth in paragraph "217" of the complaint.

218.    Denies the allegations set forth in paragraph "218" of the complaint.

219.    Denies the allegations set forth in paragraph "219" of the complaint.

220.    In response to the allegations set forth in paragraph "220" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

221.    Denies the allegations set forth in paragraph "221" of the complaint, except admits that police officers receive training in relation to situations involving persons with mental illness.

222.    Paragraph "222" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

223.    Denies the allegations set forth in paragraph "223" of the complaint.

224.    Denies the allegations set forth in paragraph "224" of the complaint.

225.    In response to the allegations set forth in paragraph "225" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

226.    Denies the allegations set forth in paragraph "226" of the complaint.

227.    In response to the allegations set forth in paragraph "227" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

228.    Denies the allegations set forth in paragraph "228" of the complaint.

229.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the complaint.

230.    Denies the allegations set forth in paragraph "230" of the complaint.

231.    In response to the allegations set forth in paragraph "231" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

232.    Denies the allegations set forth in paragraph "232" of the complaint.

233.    Denies the allegations set forth in paragraph "232" of the complaint.

234.    In response to the allegations set forth in paragraph "234" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

235.    Paragraph "235" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

236.    Denies the allegations set forth in paragraph "236" of the complaint.

237.    In response to the allegations set forth in paragraph "237" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

238.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the complaint.

239.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the complaint.

240.    In response to the allegations set forth in paragraph "240" of the complaint, defendant repeats and realleges each of the foregoing paragraphs.

241.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the complaint.

242.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "242" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

243.    The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

244.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

245.    Any use of force was appropriate and justified under the circumstances.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

246.    Plaintiffs or decedent Shereese Francis provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

247.    Any injury alleged to have been sustained resulted from culpable or negligent conduct of plaintiffs, of Shereese Francis, or of others, and was not the proximate result of any act of defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

248.    At all relevant times, defendant Yoon acted reasonably and in the lawful exercise of their discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

249.    Defendant Yoon has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

250.    Plaintiffs may have failed to comply with the conditions precedent to suit.

- 21 -

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

251.    Plaintiffs may have failed to comply with New York General Muncipal Law Sections 50-e, 50-i, and 50-h.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

252.    Some or all of plaintiffs' claims may be time-barred.

**WHEREFORE,** defendant Yoon requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               January 6, 2014

                                 JEFFREY D. FRIEDLANDER
                                 Acting Corporation Counsel of the City of New York
                                 *Attorney for Defendants City of New York, Ponzo, Tomeo, Boyle, Clemens, Jaramillo, Barrett, Yoon, and McKoy*
                                 100 Church Street, Room 3-208
                                 New York, New York 10007
                                 (212) 356-2656/(212) 356-2415

                    By:     /s/ _____
                                 Patrick Beath
                               *Assistant Corporation Counsel*

                                 Sumit Sud
                               *Senior Counsel*

cc:     Steve Vaccaro, Esq. (By ECF)
         David B. Rankin, Esq. (By ECF)
         Robert M. Quackenbush, Esq. (By ECF)
         *Attorneys for Plaintiffs*

- 23 -

Index No. 13-CV-505 (FB)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEORGE FRANCIS, et al.,

                                        Plaintiffs,

                        -against-

CITY OF NEW YORK, et al.,

                                        Defendants.

**ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT ON BEHALF OF
YONGKYU YOON**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York, Ponzo,*
*Tomeo, Boyle, Clemens, Jaramillo, Barrett, Yoon,*
*and McKoy*

*100 Church Street*
*New York, New York  10007*

*Of Counsel: Patrick Beath/ Sumit Sud*
*Tel:  (212) 356-2656/2415*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2013*

*.................................................................... Esq.*

*Attorney for City of New York*